ORIGINAL
FILED

JUL - 3 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

1    Reginald Terrell (reggiet2@aol.com)
     THE TERRELL LAW GROUP
2    223 25th Street
     Richmond, CA 94804
3    Tel: (510) 237-9700
     Fax: (510) 237-4616
4

5    **Attorney for Plaintiff Bobbi Cooper**

6

7

8

9                    **UNITED STATES DISTRICT COURT**

10                  **NORTHERN DISTRICT OF CALIFORNIA**

11   BOBBI COOPER, on behalf of herself and all )    Case No.
     others similarly situated,                  )    C08-03203
12                                                )
                    Plaintiff,                    )    **CLASS ACTION COMPLAINT**
13   vs.                                          )
                                                  )
14   HONEYWELL INTERNATIONAL, INC.;              )
     CHAMPION LABORATORIES, INC.;               )    **JURY TRIAL DEMANDED**
15   PUROLATOR FILTERS N.A., LLC; WIX           )
     FILTRATION PRODUCTS; CUMMINS              )
16   FILTRATION, INC.; CUMMINS, INC.;           )
     THE DONALDSON COMPANY;                     )
17   BALDWIN FILTERS, INC.; ROBERT              )
     BOSCH, LLC; MANN + HUMMEL U.S.A.,          )
18   INC.; ARVINMERITOR, INC.; UNITED           )
     COMPONENTS, INC.; AFFINIA GROUP,           )
19   INC.; HASTINGS PREMIUM FILTERS;            )
     CLARCOR, INC.; and DOES 1-20,              )
20   inclusive,                                   )
                                                  )
21                                                )
                    Defendants                    )
22   _____  )

23

24

25

26

27

28

                              **1**

EMC

ADR

## CLASS ACTION COMPLAINT

Bobbi Cooper ("Plaintiff") on behalf of herself and all others similarly situated in the United States, brings this action for damages and injunctive relief under state and federal antitrust, unfair competition, and consumer protection laws against the Defendants named herein, demanding trial by jury, and complaining and alleging as follows:

## NATURE OF THE CASE

1.     This lawsuit is brought as a class action on behalf of individuals and entities that indirectly purchased aftermarket automotive filters ("Filters") (as further defined below), in the United States from Defendants, their predecessors, or their controlled subsidiaries and affiliates during the period beginning at least January 1, 1999 through the present (the "Class Period"). Plaintiff alleges that during the Class Period the Defendants conspired to fix, raise, maintain or stabilize prices of Filters sold in the United States. Because of Defendants' unlawful conduct, Plaintiff and other Class Members paid artificially inflated prices for Filters and have suffered antitrust injury to their business or property.

## JURISDICTION AND VENUE

2.     This action is instituted under Section 16 of the Clayton Act, 15 U.S.C. §26, to obtain injunctive relief for violations of Section 1 of the Sherman Act, 15 U.S.C. §1, to recover damages under state antitrust and consumer protection laws, and to recover costs of suit, including reasonable attorneys' fees, for the injuries that Plaintiff and all others similarly situated sustained as a result of the Defendants' violations of those laws.

3.     The Court has subject matter jurisdiction over the federal claim under 28 U.S.C. §§ 1331 and 1337. The Court has subject matter jurisdiction over the state law claims under 28 U.S.C. § 1367 because those claims are so related to the federal claim that they form part of the same case or controversy.

4.     This court also has subject matter jurisdiction over this class action pursuant to the Class Action Fairness Act of 2005, which amended 28 U.S.C. § 1332 to add a new subsection (d) conferring federal jurisdiction over class actions where, as here, "any member of a class of Plaintiff is a citizen of a state different from any Defendant and the aggregated amount

1    in controversy exceeds $5,000,000, exclusive of interest and costs." This Court also has

2    jurisdiction under 28 U.S.C. § 1332(d) because "one or more members of the class is a citizen of

3    a state within the United States and one or more of the Defendants is a citizen or subject of a

4    foreign state."

5          5.     Venue is laid in this District pursuant to 28 U.S.C. § 1391. Venue is proper in

6    this judicial district because during the Class Period one or more of the Defendants resided,

7    transacted business, was found, or had agents in, this district, and because a substantial part of

8    the events giving rise to Plaintiff's claims occurred in this district, and a substantial portion of

9    the affected portion of the interstate trade and commerce described below has been carried out in

10    this district.

11                     **DEFINITIONS**

12          6.     As used herein, the term "Filters" means automotive oil, fuel, engine air, cabin

13    air, coolant, transmission, and hydraulic filters sold in the aftermarket (i.e., the market for

14    replacement filters).

15          7.     The "Class Period" or "relevant period" means the period beginning at least

16    January 1, 1999 through the present.

17          8.     "Person" means any individual, partnership, corporation, association, or other

18    business or legal entity.

19          9.     The "Indirect Purchaser States" are Arizona, California, District of Columbia,

20    Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico,

21    North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia, and

22    Wisconsin.

23        10.     The "Consumer Fraud States" are Arkansas, California, District of Columbia,

24    Florida, Hawaii, Kansas, Maine, Massachusetts, Nebraska, New York, New Hampshire, New

25    Mexico, North Carolina, Rhode Island, and Vermont.

26    //

27    //

28    //

**PLAINTIFF**

11.    Plaintiff Bobbi Cooper ("Cooper") is a California resident. During the relevant period, Cooper indirectly purchased Filters from one or more of the Defendants or their co-conspirators and has been injured by reason of the antitrust violations alleged in this Complaint.

**DEFENDANTS**

12.    Defendant Honeywell International, Inc. ("Honeywell") is a Delaware corporation with its principal place of business located at 101 Columbia Road, Morris Township, New Jersey 07962. During the Class Period, Honeywell directly and through its wholly-owned and controlled subsidiaries manufactured, marketed, sold and/or distributed Filters to customers throughout the United States, principally under the Fram® brand.

13.    Defendant Champion Laboratories, Inc. ("Champion") is a Delaware corporation with its principal place of business located at 200 S. Fourth Street, Albion, Illinois 62806. During the Class Period, Champion directly and through its wholly-owned and controlled subsidiaries manufactured, marketed, sold and/or distributed Filters to customers throughout the United States under the following brands: Champ Quality Oil Filters, Champ Quality Air Filters, Kleener® Cabin Air Filters, Champ Quality Fuel Filters, Champ Quality Transmission Filters, and PetroClear® Dispensing Filters.

14.    Defendant UIS, Inc. is a privately-held corporation headquartered in New Jersey, with a business address at 15 Exchange Place, Suite 1120, Jersey City, NJ 07302. Prior to June 2003, Champion Laboratories was owned by UIS, Inc. and UIS Industries, Inc.

15.    Defendant United Components, Inc. ("United") is a Delaware corporation with its principal place of business located at 14601 Highway 41 N., Evansville, Indiana 47725-9357. Defendant Champion is a wholly-owned subsidiary of United. UCI is an indirect wholly-owned subsidiary of UCI Holdco, Inc. ("UCI Holdco"). During the Class Period, United directly and through its wholly-owned and controlled subsidiaries manufactured, marketed, sold and/or distributed Filters to customers throughout the United States.

16.    Defendant Purolator Filters N.A., LLC ("Purolator") is a limited liability company with its principal place of business located at 3200 Natal Street, Fayetteville, North

Carolina 28306. Purolator is owned and operated through a joint venture between Defendants
Bosch U.S.A. and Mann + Hummel U.S.A., Inc. During the Class Period, Purolator directly and
through its wholly-owned and controlled subsidiaries manufactured, marketed, sold and/or
distributed Filters to customers throughout the United States under the following brands:
PureONE Oil Filters, PremiumPLUS Oil Filters, PureONE Air Filters, PremiumPLUS Media
Air Filters, and BreatheEASY® Cabin Air Filters.

     17.    Defendant Robert Bosch LLC ("Bosch") is the United States regional branch of
Robert Bosch GmbH, a privately held conglomerate located in Germany. Bosch's Auto Parts
business is located at 2800 S. 25th Avenue, Broadview, Illinois 60155-4594. During the Class
Period, Bosch directly and through its wholly-owned and controlled subsidiaries manufactured,
marketed, sold and/or distributed Filters to customers throughout the United States under the
following brands: Bosch Premium Cabin Filters, Bosch Particulate Filters, Bosch Activated
Charcoal Filters, Bosch Fuel Filters, and Bosch FILTECH Oil Filters.

     18.    Mann + Hummel U.S.A., Inc. ("Mann + Hummel") is the United States
subsidiary of The Mann + Hummel Group, a German business entity. Mann + Hummel's
business headquarters in the United States is located at 6400 S. Sprinkle Road, Portage,
Michigan 49002-9706. During the Class Period, Mann + Hummel directly and through its
wholly-owned and controlled subsidiaries manufactured, marketed, sold and/or distributed
Filters to customers throughout the United States under the MANN-FILTER brand.

     19.    Defendant ArvinMeritor, Inc. ("ArvinMeritor") is an Indiana corporation with its
principal place of business located at 2135 West Maple Road, Troy, Michigan 48084. Prior to
April 2006, ArvinMeritor owned defendant Purolator. During the Class Period, ArvinMeritor
through its wholly-owned and controlled subsidiary manufactured, marketed, sold and/or
distributed Filters to customers throughout the United States.

     20.    Defendant Wix Filtration Corp., LLC ("Wix") is a limited liability company
headquartered in Gastonia, North Carolina, with a business address located at 1 Wix Way,
Gastonia, North Carolina 28054. During the Class Period, Wix directly and through its wholly-

1    owned and controlled subsidiaries manufactured, marketed, sold and/or distributed Filters to

2    customers throughout the United States under the Wix® Filter brand.

3        21.    Defendant Affinia Group, Inc. is a Delaware corporation headquartered in Ann

4    Arbor, Michigan, with a business address at 1101 Technology Drive, Ann Arbor, Michigan

5    48108. Defendant Wix is a wholly-owned subsidiary of Affinia Group, Inc. During the Class

6    Period, Affinia Group, Inc. directly and through its wholly-owned and controlled subsidiaries

7    manufactured, marketed, sold and/or distributed Filters to customers throughout the United

8    States.

9        22.    Defendant Cummins, Inc. ("Cummins") is an Indiana corporation, headquartered

10   in Columbus, Indiana, with a business address at 500 Jackson Street, Box 3005, Columbus,

11   Indiana 47202. During the Class Period, Cummins directly and through its wholly-owned and

12   controlled subsidiaries manufactured, marketed, sold and/or distributed Filters to customers

13   throughout the United States.

14       23.    Defendant Cummins Filtration, Inc. ("Cummins Filtration") is a wholly-owned

15   subsidiary of defendant Cummins, Inc., with its principal place of business located at Stoughton,

16   Wisconsin. During the Class Period, Cummins directly and through its wholly-owned and

17   controlled subsidiaries manufactured, marketed, sold and/or distributed Filters to customers

18   throughout the United States under the following brands: OptiAir™, Magnum RS™, Direct

19   Flow™, Fleetguard's FS1000™, Fuel Pro® filter, Diesel Pro® filter, Industrial Pro™ filter,

20   Duramax™ and Venturi™ Combo System.

21       24.    Defendant The Donaldson Company ("Donaldson") is a Delaware corporation

22   with its principal place of business located at 1400 West 94th Street, Minneapolis, Minnesota

23   55431. During the Class Period, Wix directly and through its wholly-owned and controlled

24   subsidiaries manufactured, marketed, sold and/or distributed Filters to customers throughout the

25   United States under the Donaldson brand.

26       25.    Defendant Baldwin Filters, Inc. ("Baldwin") is a corporation with its principal

27   place of business located at 440 E. Hwy. 30, Kearney, Nebraska 68848-6010. During the Class

28   Period, Baldwin directly and through its wholly-owned and controlled subsidiaries

manufactured, marketed, sold and/or distributed Filters to customers throughout the United States under the Baldwin brand.

26.     Defendant Hastings Premium Filters ("Hastings") is a corporation headquartered in Kearney, Nebraska, with a business address at 4400 E. Hwy. 30, Kearney, Nebraska 68848-6010. During the Class Period, Hastings directly and through its wholly-owned and controlled subsidiaries manufactured, marketed, sold and/or distributed Filters to customers throughout the United States.

27.     Defendant Clarcor, Inc. ("Clarcor") is a Delaware corporation headquartered in Franklin, Tennessee, with a business address located at 840 Crescent Centre Drive, Suite 600, Franklin, Tennessee 37067. Defendants Baldwin and Hastings are wholly-owned subsidiaries of Clarcor. During the Class Period, Clarcor directly and through its wholly-owned and controlled subsidiaries manufactured, marketed, sold and/or distributed Filters to customers throughout the United States.

## DEFENDANTS AND CO-CONSPIRATORS

28.     The true names and capacities of defendants DOES 1-20 are presently unknown to Plaintiff. Each of such fictitiously named defendants have participated as co-conspirators with Defendants and have performed acts and made statements in furtherance of the conspiracy and/or in furtherance of the anticompetitive, unfair or deceptive conduct. When and if Plaintiff learns the identity of such persons, Plaintiff will amend this Complaint to show such defendant's true name and capacity.

29.     Whenever in this Complaint reference is made to any act, deed or transaction of any corporation, the allegation means that the corporation engaged in the act, deed or transaction by or through its officers, directors, agents, employees or representatives while they were actively engaged in the management, direction, control or transaction of the corporation's business or affairs.

30.     Each of the Defendants named herein acted as the agent or joint venturer of or for the other Defendants with respect to the acts, violations and common course of conduct alleged

herein. Each Defendant which is a subsidiary of a foreign parent acts as the sole United States agent for Filters made by its parent company.

## INTERSTATE TRADE AND COMMERCE

31.    Throughout the Class Period, there was a continuous and uninterrupted flow of Filter sales in interstate and international commerce throughout the United States.

32.    Defendants' unlawful activities, as described herein, took place within the flow of interstate commerce to Filter purchasers located in states other than the states in which Defendants are located, as well as throughout the world, and had a direct, substantial and reasonably foreseeable effect upon interstate and international commerce, including the United States Filters market.

## CLASS ACTION ALLEGATIONS

33.    Plaintiff brings this action on behalf of herself and as a class action under the provisions of Rule 23 of the Federal Rules of Civil Procedure on behalf of all members of the following class ("Nationwide Class"):

> All persons and or entities residing in the United States who or which indirectly purchased Filters manufactured and/or distributed by one or more of the Defendants in the United States for their own use and not for resale, at any time during the period from January 1, 1999 through the present. Specifically excluded from this Class are the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and, any affiliate, legal representative, heir or assign of any Defendant. Also excluded are any federal, state or local government entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

34.    Plaintiff also brings this action on her own behalf and as a class action pursuant to Rules 23(a), 23(b)(2) and/or 23(b)(3) of the Federal Rules of Civil Procedure and/or respective state statute(s), on behalf of all members of the following classes or subclasses (collectively "Indirect Purchaser States Classes"): Arizona, Arkansas, California, District of Columbia, Florida, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina,

1   North Dakota, Rhode Island, South Dakota, Tennessee, Vermont, West Virginia, and

2   Wisconsin.

3       35.     This action has been brought and may properly be maintained as a class action

4   pursuant to Rule 23 of the Federal Rules of Civil Procedure for the following reasons:

5           a.      The Classes are ascertainable and there is a well-defined community of

6   interest among members of the Classes;

7           b.      Based upon the nature of trade and commerce involved and the number of

8   indirect purchasers of Filters, Plaintiff believes that the number of Class members is very large,

9   and therefore joinder of all Class members is not practicable;

10          c.      Plaintiff's claims are typical of the claims of the members of the Classes

11  because Plaintiff indirectly purchased Filters manufactured by Defendants or their co-

12  conspirators, and therefore Plaintiff's claims arise from the same common course of conduct

13  giving rise to the claims of the members of the Classes and the relief sought is common to the

14  Classes;

15          d.      The following common questions of law or fact, among others, exist as to

16  the members of the Classes:

17                  i.      Whether Defendants formed and operated a combination or

18  conspiracy to fix, raise, maintain, or stabilize the prices of Filters;

19                  ii.     Whether the combination or conspiracy caused prices of Filters to

20  be higher than they would have been in the absence of Defendants' conduct;

21                  iii.    The operative time period of Defendants' combination or

22  conspiracy;

23                  iv.     Whether Defendants' conduct caused injury to the business or

24  property of Plaintiff and the members of the Class;

25                  v.      The appropriate measure of the amount of damages suffered by

26  the Class;

27

28

**9**
**CLASS ACTION COMPLAINT**

1    North Dakota, Rhode Island, South Dakota, Tennessee, Vermont, West Virginia, and

2    Wisconsin.

3        35.    This action has been brought and may properly be maintained as a class action

4    pursuant to Rule 23 of the Federal Rules of Civil Procedure for the following reasons:

5            a.    The Classes are ascertainable and there is a well-defined community of

6    interest among members of the Classes;

7            b.    Based upon the nature of trade and commerce involved and the number of

8    indirect purchasers of Filters, Plaintiff believes that the number of Class members is very large,

9    and therefore joinder of all Class members is not practicable;

10           c.    Plaintiff's claims are typical of the claims of the members of the Classes

11   because Plaintiff indirectly purchased Filters manufactured by Defendants or their co-

12   conspirators, and therefore Plaintiff's claims arise from the same common course of conduct

13   giving rise to the claims of the members of the Classes and the relief sought is common to the

14   Classes;

15           d.    The following common questions of law or fact, among others, exist as to

16   the members of the Classes:

17               i.    Whether Defendants formed and operated a combination or

18   conspiracy to fix, raise, maintain, or stabilize the prices of Filters;

19               ii.    Whether the combination or conspiracy caused prices of Filters to

20   be higher than they would have been in the absence of Defendants' conduct;

21               iii.    The operative time period of Defendants' combination or

22   conspiracy;

23               iv.    Whether Defendants' conduct caused injury to the business or

24   property of Plaintiff and the members of the Class;

25               v.    The appropriate measure of the amount of damages suffered by

26   the Class;

27

28

**9**
**CLASS ACTION COMPLAINT**

vi.      Whether Defendants' conduct violates Section 1 of the Sherman Act (15 U.S.C. § 1) as alleged in the First Claim for Relief;

vii.      Whether Defendants' conduct violates the Indirect Purchaser States' antitrust laws as alleged in the Second Claim for Relief;

viii.      Whether Defendants' conduct violates the unfair competition and consumer protection laws of the Consumer Protection States as alleged in the Third Claim for Relief; and

ix.      The appropriate nature of class-wide equitable relief.

e.      These and other questions of law and fact common to the members of the Classes predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages;

f.      After determination of the predominant common issues identified above, if necessary or appropriate, the Classes can be divided into logical and manageable subclasses;

g.      Plaintiff will fairly and adequately protect the interests of the Classes in that Plaintiff has no interests that are antagonistic to other members of the Classes and has retained counsel competent and experienced in the prosecution of class actions and antitrust litigation to represent it and the Classes;

h.      A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual joinder of all damaged Class Members is impractical. The damages suffered by the individual Class Members are relatively small, given the expense and burden of individual prosecution of the claims asserted in this litigation. Thus, absent the availability of class action procedures it would not be feasible for Class Members to redress the wrongs done to them. Even if the Class Members could afford individual litigation, the court system could not. Further, individual litigation presents the potential for inconsistent or contradictory judgments and would greatly magnify the delay and expense to all parties and the court system. Therefore, the class action device presents far fewer case management difficulties

1    and will provide the benefits of unitary adjudication, economy of scale and comprehensive

2    supervision in a single court;

3             i.      Defendants have acted, and/or refused to act, on grounds generally

4    applicable to the Classes, thereby making appropriate final injunctive relief with respect to the

5    Classes as a whole; and

6             j.      In the absence of a class action, Defendants would be unjustly enriched

7    because they would be able to retain the benefits and fruits of their wrongful conduct.

8                          **THE AUTOMOTIVE FILTERS MARKET**

9        36.     Filters are typically detachable units that require regular service or replacement.

10   They are essentially fungible products.

11       37.     Oil filters are part of a vehicle's lubrication system and help to protect the engine

12   from premature wear. Each moving part in the engine and the cylinder walls requires clean oil

13   for proper lubrication and lasting life. The oil filter cleans the oil as it passes through the filter

14   element or filtering media. This prevents abrasive contaminants in the engine lubrication system

15   from damaging engine parts.

16       38.     Fuel filters protect fuel system components in a vehicle from contaminants in the

17   fuel. All of the fuel that enters the engine must first pass through the fuel filter. Fuel filters are

18   vital for long and trouble-free fuel system and engine life.

19       39.     Engine air filters remove soot, carbon, abrasives and other contaminants from the

20   air before the air mixes with fuel in a vehicle's engine induction system. The engine air filter

21   prevents microscopic dust particles from entering the engine, which can damage cylinder walls,

22   pistons and piston rings.

23       40.     Cabin air filters capture airborne contaminants such as soot, dirt, pollen, and

24   other pollutants, that enter a vehicle cabin through its heating, air conditioning and defrosting

25   (HVAC) system. Cabin air filters also prevent leaves, dirt, bugs and other debris from entering

26   the HVAC system and negatively impacting the operating of the heater, air conditioner and

27   defroster.

28

41.    Coolant filters are used on most types of diesel engines in vehicles. These filters help to maintain proper engine heat transfer by filtering solid contaminants from the coolant and by minimizing corrosion and deposits in the cooling system.

42.    Transmission filters protect vehicle transmissions against contaminants in the transmission fluid system. Proper filtration helps improve transmission life by minimizing wear and preventing sticking and scoring of sensitive shift control valves. In the event of a part failure, the filter also guards against secondary damage to other parts and thus helps minimize repair costs.

43.    Hydraulic filters are used for a variety of applications for heavy truck, off-highway, agricultural and construction vehicles and equipment, which depend on hydraulic fluids to power many of their critical functions.

44.    Filter manufacturers, such as Defendants, sell Filters to both vehicle manufacturers for use in new automotives, as well as to "aftermarket" sellers for professional or self-installation. Defendants are the primary manufacturers of aftermarket (or "replacement") Filters in the United States and the allegations herein involve the Filters aftermarket. Annual Filters sales in the United States are approximately $3-5 billion.

45.    Defendant Honeywell estimated in 2007 that there were 217 million cars on the road in the United States in that year. Most car manufacturers recommend that the car owner replace the oil filter at every oil change. NAPA recommends that a car owner replace the air filter once a year, or every 15,000 miles. Thus, for most cars on the road today, the owners replace their vehicles oil filter at least every year and air filters approximately every year.

**STRUCTURAL CHARACTERISTICS OF THE AUTOMOTIVE FILTERS MARKET**

46.    The structural characteristics of the Filters market are conducive to the type of collusive activity alleged in this Complaint.

47.    Filters are commodity-like products. One Defendant's Filter for a particular application is substitutable for another's. Defendants sell and Plaintiff and Class Members purchase Filters primarily on the basis of price. According to an industry report, direct

1    purchasers surveyed for the report considered price to be the most important factor in their

2    purchase of Filters.

3         48.    Filters are considered inter-changeable, undifferentiated products. All Filters

4    must undergo Society of Automotive Engineers (SAE) testing to ensure they meet vehicle

5    manufacturers' specifications. An industry report notes that vehicle manufacturers have done a

6    better job utilizing a small number of oil filters to cover all of their engine applications. Thus,

7    there are fewer part numbers in the aftermarket filter line than other aftermarket automotive

8    products.

9         49.    It is easier to form and sustain a cartel when the product in question is

10   commodity-like because it is easier to agree on prices to charge and to monitor those prices once

11   an agreement is formed.

12        50.    There is a high degree of market concentration in the Filters market. This

13   facilitates the operation of a cartel because it makes it easier to coordinate behavior among

14   possible co-conspirators and makes it more difficult for customers to avoid the effects of

15   collusive behavior. Defendants control 90% of the sales in the market for aftermarket

16   automotive Filters.

17        51.    There are significant barriers to entry into the market for Filters. These barriers to

18   entry arise primarily from the need for significant start-up capital expenditures, initial product

19   depth within a product line, distribution infrastructure and long-standing customer relationships.

20   The presence of significant barriers to entry makes new entry by others difficult and helps

21   facilitate the operation of a cartel.

22        52.    There is significant evidence that demand for Filters is inelastic, or in other

23   words, does not change in the face of price changes. Because vehicle manufacturers either

24   require or strongly encourage filter changes at specific intervals, Class Members do not decrease

25   their use of Filters when prices increase. Filters are a small part of the cost of owning and

26   maintaining an automobile.

27

28

**13**
**CLASS ACTION COMPLAINT**

53.    There are no reasonable substitutes for Filters. Vehicle owners have little choice but to have the filters in their vehicle replaced because they tend to wear out over time and are necessary for the operation of their vehicles.

## DEFENDANTS' COLLUSIVE ACTIVITIES

54.    Plaintiff is informed and believes, and thereon alleges, that Defendants and their co-conspirators have engaged in a contract, combination, trust or conspiracy, the effect of which has been to raise the prices at which they sold Filters to artificially inflated levels from at least January 1, 1999 through the present.

55.    At least as early as 1999, Defendants and their co-conspirators had numerous confidential discussions with each other and exchanged extensive communications regarding pricing and customers. This conspiratorial conduct resulted in an unlawful agreement to fix, raise, maintain or stabilize prices, rig bids, and allocate customers for Filters in the United States.

56.    As just one example, on June 28, 1999, a Purolator senior executive faxed a letter to his counterpart at Honeywell which announced a 6 percent price increase on all Purolator-branded Filters scheduled to become effective on August 15, 1999. Purolator did not notify its customers of the increased prices until more than two weeks later, on July 14, 1999.

57.    Defendants also had face-to-face meetings regarding their respective companies' contemplated price increases. One or more of these meetings took place in May 1999 at the Heritage Show in Nashville, Tennessee, a regular meeting of members of the Filters industry. At this and other meetings, Defendants agreed to raise Filter prices, which they subsequently did.

58.    At a meeting of Champion sales representatives in February 2004, Champion's President informed his sales team of Champion's proposed price increase and instructed them to make sure Champion's competitors followed suit in terms of timing and amount pursuant to their continuing agreement. Champion sales representatives followed the directive and met with other Defendants' sales representatives to further the conspiracy.

59.     In an internal company e-mail from 2004, under the subject line "Price Increase," Champion confirmed that the other Defendants were "on board" with the amount of a coordinated price increase.

60.     Defendants engaged in continuous and ongoing face-to-face meetings to further their anticompetitive activities. Many of these meetings occurred at the annual Filter Council meeting held in Nashville, Tennessee. The Filter Council meeting was used as a vehicle to further the anticompetitive purposes of Defendants' unlawful conspiracy.

61.     Pursuant to their unlawful agreement, Defendants each instituted similar price increases for Filters during the Class Period, including in 1999, early 2004, and late 2004/early 2005. These price increases were approximately 4-6% each.

62.     Defendants' conduct during the Class Period in collusively fixing, increasing, maintaining or stabilizing prices, rigging bids, and allocating customers was for the sole purpose of foreclosing price competition in order to maintain artificially high prices for their Filters.

63.     By coordinating their pricing activities and allocating customers, Defendants removed from Plaintiff and Class Members the ability to constrain Defendants' pricing by moving (or threatening to move) their Filter business from one Defendant to another in response to price increases.

64.     By engaging in collusive conduct in the market for Filters, Defendants were able to manipulate and artificially fix, raise, maintain or stabilize the prices for the Filters that they manufactured and sold in the United States.

65.     During the Class Period, Plaintiff and the Class Members indirectly purchased Filters manufactured by the Defendants or their co-conspirators.

66.     Plaintiff and the Class Members paid more for their indirect Filters purchases than they would have paid had Defendants not fixed Filters prices and cooperated in other aspects of the Filters market.

67.     As a direct and proximate result of Defendants' conspiracy, Plaintiff and the Class Members have been injured and financially damaged in their respective businesses and property in presently undetermined amounts.

**15**
**CLASS ACTION COMPLAINT**

## VIOLATIONS ALLEGED

### First Claim for Relief

### (Violation of Section 1 of the Sherman Act)

68.     Plaintiff incorporates and realleges, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

69.     Beginning at a time unknown to Plaintiff, but at least as early as January 1, 1999, through at the present, the exact dates being unknown to Plaintiff and exclusively within the knowledge of Defendants, Defendants and their co-conspirators, entered into a continuing agreement, understanding, and conspiracy to unreasonably restrain trade and commerce in the United States, in violation of Section 1 of the Sherman Act, 15 U.S.C. §1.

70.     In particular, Defendants have combined and conspired to fix, raise, maintain or stabilize the prices of Filters sold in the United States.

71.     Defendants, by their unlawful conspiracy, artificially raised, inflated and maintained the market prices of Filters as herein alleged.

72.     The contract, combination or conspiracy consisted of a continuing agreement, understanding and concert of action among Defendants and their co-conspirators, the substantial terms of which were to fix, raise, maintain and stabilize the prices of Filters they sold in the United States and elsewhere.

73.     In formulating and carrying out the alleged agreement, understanding, and conspiracy, the Defendants and their co-conspirators did those things that they combined and conspired to do, including, but not limited to the acts, practices, and course of conduct set forth above, and the following, among others:

        a.     Participated in meetings and conversations to discuss the prices of Filters;

        b.     Agreed to manipulate prices and supply of Filters in a manner that deprived purchasers of Filters of free and open competition;

        c.     Issued price announcements and price quotations in accordance with the agreements reached;

        d.     Agreed to and did rig bids in the market for Filters;

**16**
CLASS ACTION COMPLAINT

1          e.      Agreed to and did allocate customers in the market for Filters; and

2          f.      Sold Filters to customers in the United States at non-competitive prices.

3     74.    The combination and conspiracy alleged herein has had the following effects,

4 among others:

5          a.      Price competition in the sale of Filters has been restrained, suppressed

6                and/or eliminated in the United States;

7          b.      Prices for Filters sold by Defendants and their co-conspirators have been

8                fixed, raised, maintained and stabilized at artificially high, non-

9                competitive levels throughout the United States; and

10         c.      Those who purchased Filters directly or indirectly from Defendants have

11                been deprived the benefits of free and open competition.

12    75.    As a direct result of the unlawful conduct of Defendants and their co-conspirators

13 in furtherance of their continuing contract, combination or conspiracy, Plaintiff and the members

14 of the class have been injured and will continue to be injured in their business and property by

15 paying more for Filters purchased indirectly from the Defendants and their co-conspirators than

16 they would have paid and will pay in the absence of the combination and conspiracy.

17    76.    These violations are continuing and will continue unless enjoined by this Court.

18    77.    Pursuant to Section 16 of the Clayton Act, 15 U.S.C. § 26, Plaintiff and the

19 Nationwide Class seek the issuance of an injunction against Defendants, preventing and

20 restraining the violations alleged herein.

21                **Second Claim For Relief**

22          **(Violation of State Antitrust Statutes)**

23    78.    Plaintiff incorporates and realleges, as though fully set forth herein, each and

24 every allegation set forth in the preceding paragraphs of this Complaint.

25    79.    Defendants' intentional and purposeful anticompetitive acts that are described

26 above, including but not limited to acts of collusion to set prices, rig bids and allocate customers,

27 and the actual act of price fixing itself, were intended to and did in fact cause Plaintiff and the

28

**17**
**CLASS ACTION COMPLAINT**

1  Class Members to pay supracompetitive prices for Filters purchased in the Indirect Purchaser

2  States.

3          80.    Defendants' contract, combination and conspiracy as described above is in

4  violation of the following state antitrust statutes:

5          81.    By reason of the foregoing, Defendants have entered into agreements in restraint

6  of trade in violation of Arizona Revised Stat. §§44-1401 et seq.

7          82.    By reason of the foregoing, Defendants have entered into agreements in restraint

8  of trade in violation of California Business & Professions Code §16720 et seq.

9          83.    By reason of the foregoing, Defendants have entered into agreements in restraint

10 of trade in violation of District of Columbia Code Ann. §§28-4503 et seq.

11         84.    By reason of the foregoing, Defendants have entered into agreements in restraint

12 of trade in violation of Iowa Code §§553.1 et seq.

13         85.    By reason of the foregoing, Defendants have entered into agreements in restraint

14 of trade in violation of Kansas Stat. Ann. §§50-101 et seq.

15         86.    By reason of the foregoing, Defendants have entered into agreements in restraint

16 of trade in violation of Maine Rev. Stat. Ann. 10, §§1101 et seq.

17         87.    By reason of the foregoing, Defendants have entered into agreements in restraint

18 of trade in violation of Michigan Comp. Laws Ann. §§445.773 et seq.

19         88.    By reason of the foregoing, Defendants have entered into agreements in restraint

20 of trade in violation of Minnesota Stat. §§325D.52 et seq.

21         89.    By reason of the foregoing, Defendants have entered into agreements in restraint

22 of trade in violation of Mississippi Code Ann. §75-21-1 et seq.

23         90.    By reason of the foregoing, Defendants have entered into agreements in restraint

24 of trade in violation of Nebraska Rev. Stat. §59-801 et seq.

25         91.    By reason of the foregoing, Defendants have entered into agreements in restraint

26 of trade in violation of Nevada Rev. Stat. Ann. §§598A et seq.

27         92.    By reason of the foregoing, Defendants have entered into agreements in restraint

28 of trade in violation of New Mexico Stat. Ann. §§57-1-1 et seq.

**18**
. **CLASS ACTION COMPLAINT**

93.    By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of North Carolina Gen. Stat. §§75-1 et seq.

94.    By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of North Dakota Cent. Code §§51-08.1-01 et seq.

95.    By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of South Dakota Codified Laws Ann. §§37-1 et seq.

96.    By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of Tennessee Code Ann. §§47-25-101 et seq.

97.    By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of Vermont Stat. Ann. 9 §§2453 et seq.

98.    By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of West Virginia Code §§47-18-1 et seq.

99.    By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of Wisconsin Stat. §§133.01 et seq.

100.    Class Members in each of the states listed above paid supracompetitive, artificially inflated prices for Filters. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and members of the Class have been injured in their business and property in that they paid more for Filters than they otherwise would have paid in the absence of Defendants' unlawful conduct.

101.    As a result of Defendants' and their co-conspirators' violation of the above Indirect Purchaser States' antitrust laws, Plaintiff seeks damages, to be trebled where permitted by a particular State's antitrust law, and costs of suit, including reasonable attorneys' fees, to the extent permitted by the above Indirect Purchaser States' antitrust laws.

### Third Claim for Relief

### (Violation of State Consumer Protection and Unfair Competition Statutes)

102.    Plaintiff incorporates and realleges, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

**19**
CLASS ACTION COMPLAINT

103.    Defendants engaged in unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of the state consumer protection and unfair competition statutes listed below.

104.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Arkansas Code §4-88-101 et seq.

105.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of California Business & Professions Code §17200 et seq.

106.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of District of Columbia Code §28-3901 et seq.

107.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Florida Stat. §501.201 et seq.

108.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Hawaii Rev. Stat. §480 et seq.

109.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Kansas Stat. §50-623 et seq.

110.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 5 Maine Rev. Stat. §207 et seq.

111.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Massachusetts G.L. c. 93A, §2 et seq.

112.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Nebraska Rev. Stat. §59-1601 et seq.

113.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of New Hampshire Revised Statutes §358-A:1 et seq.

114.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of New Mexico Stat. §57-12-1 et seq.

115.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of New York Gen Bus. Law §349 et seq. Specifically:

    a.    Defendants engaged in commerce in New York;

**20**
CLASS ACTION COMPLAINT

1          b.     Defendants and their co-conspirators secretly agreed to raise prices by

2 direct agreement on bids to customers located in New York and through artificial restraints on

3 the entire Filters market;

4          c.     New York consumers were targets of the conspiracy;

5          d.     The secret agreements were not known to New York consumers;

6          e.     Defendants made public statements about the price of Filters that

7 Defendants knew would be seen by New York consumers; such statements either omitted

8 material information that rendered these statements that they made materially misleading or

9 affirmatively misrepresented the real cause of price increases for Filters; and, Defendants alone

10 possessed material information that was relevant to consumers, but failed to provide the

11 information;

12          f.     Because of Defendants' unlawful trade practices in the State of New

13 York, there was a broad impact on New York consumer class members who indirectly

14 purchased Filters; and consumer class members have been injured because they have paid more

15 for Filters than they would have paid in the absence of Defendants' unlawful trade acts and

16 practices;

17          g.     Because of Defendants' unlawful trade practices in the State of New

18 York, New York consumer class members who indirectly purchased Filters were misled to

19 believe that they were paying a fair price for Filters or the price increases for Filters were for

20 valid business reasons; and similarly situated consumers were potentially affected by

21 Defendants' conduct;

22          h.     Defendants knew that their unlawful trade practices with respect to

23 pricing of Filters would have an impact on New York consumers and not just Defendants' direct

24 customers;

25          i.     Defendants knew that their unlawful trade practices with respect to

26 pricing of Filters would have a broad impact, causing consumer class members who indirectly

27 purchased Filters to be injured by paying more for Filters than they would have paid in the

28 absence of Defendants' unlawful trade acts and practices;

**21**
**CLASS ACTION COMPLAINT**

1        j.    Defendants' consumer-oriented violations adversely affected the public

2    interest in the State of New York.

3        116.    Defendants have engaged in unfair competition or unfair or deceptive acts or

4    practices in violation of North Carolina Gen. Stat. §75-1.1 et seq.

5        117.    Defendants have engaged in unfair competition or unfair or deceptive acts or

6    practices in the sale of Filters that were indirectly purchased primarily for personal, family, or

7    household purposes in violation of Rhode Island Gen. Laws §6-13.1-1 et seq.

8        a.    Defendants engaged in commerce in Rhode Island;

9        b.    Defendants and their co-conspirators unscrupulously and secretly agreed

10   to raise Filters prices by direct agreement on prices which Defendants charged their customers

11   located in Rhode Island and through artificial restraints on the entire Filters market;

12       c.    The secret agreements were not known to Rhode Island natural persons

13   who indirectly purchased Filters primarily for personal, family or household purposes;

14       d.    Defendants made public statements that Defendants knew would be seen

15   by Rhode Island natural persons who indirectly purchased Filters primarily for personal, family

16   or household purposes; such statements created a likelihood of confusion or misunderstanding

17   with respect to the real reasons that the prices of Filters were rising; and, such statements either

18   omitted material information that rendered the statements materially misleading  and confusing,

19   or affirmatively deceived such consumers about the real cause of price increases for Filters;

20       e.    Because of Defendants' unlawful and unscrupulous trade practices in

21   Rhode Island, natural persons in Rhode Island who indirectly purchased Filters primarily for

22   personal, family or household purposes were misled or deceived to believe that they were paying

23   a fair price for Filters or the price increases for Filters were for valid business reasons;

24       f.    Natural persons who indirectly purchased Filters primarily for personal,

25   family or household purposes have been injured because they have paid more for Filters than

26   they would have in the absence of Defendants' unlawful and unscrupulous trade acts and

27   practices;

28

**22**
**CLASS ACTION COMPLAINT**

1         g.     Defendants knew that their unscrupulous and unlawful trade practices

2 with respect to pricing of Filters would have an impact on Rhode Island natural persons who

3 indirectly purchased Filters primarily for personal, family or household purposes and not just

4 Defendants' direct customers;

5         h.     Defendants knew that their violations with respect to pricing of Filters

6 would have a broad impact, causing natural persons who indirectly purchased Filters primarily

7 for personal, family or household purposes to be injured by paying more for Filters than they

8 would have paid in the absence of Defendants' unlawful trade acts and practices;

9         i.     Defendants' violations adversely affected public policy in Rhode Island.

10     118.     Defendants have engaged in unfair competition or unfair or deceptive acts or

11 practices in violation of Vermont Stat. Ann. Title 9, §2451 et seq.

12     119.     Class members in each of the Consumer Fraud States listed above paid

13 supracompetitive, artificially inflated prices for Filters. As a direct and proximate result of

14 Defendants' unlawful conduct, Plaintiff and members of the Class have been injured in their

15 business and property in that they paid more for Filters than they otherwise would have paid in

16 the absence of Defendants' unlawful conduct.

17     120.     Plaintiff and the Class are therefore entitled to all appropriate relief as provided

18 for by the above Consumer Fraud States' laws, including but not limited to, actual damages,

19 injunctive relief, attorneys' fees, and equitable relief such as restitution and/or disgorgement of

20 all revenues, earnings, profits, compensation and benefits which may have been obtained by

21 Defendants as a result of their unlawful conduct.

22                  **Fourth Claim for Relief**

23        **(Unjust Enrichment and Disgorgement of Profits)**

24     121.     Plaintiff incorporates and realleges, as though fully set forth herein, each and

25 every allegation set forth in the preceding paragraphs of this Complaint.

26     122.     Defendants have been unjustly enriched through overpayments by Plaintiff and

27 the Class Members and the resulting profits.

28

123.   Under common law principles of unjust enrichment, Defendants should not be permitted to retain the benefits conferred via overpayments by Plaintiff and the members of the Class.

124.   Plaintiff seeks disgorgement of all profits resulting from such overpayments and establishment of a constructive trust from which Plaintiff and the Class members may seek restitution.

## FRAUDULENT CONCEALMENT

125.   Throughout the relevant period, Defendants affirmatively and fraudulently concealed their unlawful conduct against Plaintiff and the Classes.

126.   Plaintiff and the members of the Classes did not discover, and could not discover through the exercise of reasonable diligence, that Defendants were violating the antitrust laws as alleged herein until shortly before this litigation was commenced. Nor could Plaintiff and the Class Members have discovered the violations earlier than that time because Defendants conducted their conspiracy in secret, concealed the nature of their unlawful conduct and acts in furtherance thereof, and fraudulently concealed their activities through various other means and methods designed to avoid detection. The conspiracy was by its nature self-concealing.

127.   Defendants engaged in a successful, illegal price-fixing conspiracy with respect to Filters, which they affirmatively concealed, in at least the following respects:

a.   By agreeing among themselves not to discuss publicly, or otherwise reveal, the nature and substance of the acts and communications in furtherance of their illegal scheme; and

b.   By giving false and pretextual reasons for the price increases for Filters during the relevant period and by describing such pricing falsely as being the result of external costs rather than collusion.

128.   As a result of Defendants' fraudulent concealment of their conspiracy, Plaintiff and the Classes assert the tolling of any applicable statute of limitations affecting the rights of action of Plaintiff and the members of the Classes.

//

**24**
**CLASS ACTION COMPLAINT**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays as follows:

A.      That the Court determine that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure;

B.      That the Court adjudge and decree that the unlawful conduct, contract, combination and conspiracy alleged herein constitutes:

        a.      A violation of the Sherman Act, 15 U.S.C. §1, as alleged in the First Claim for Relief;

        b.      A violation of the Indirect Purchaser States' antitrust laws as alleged in the Second Claim for Relief;

        c.      A violation of the Consumer Fraud States' consumer protection and unfair competition laws as alleged in the Third Claim for Relief; and

        d.      Acts   of unjust enrichment as set forth in the Fourth Claim for Relief herein.

C.      That Plaintiff and the Indirect Purchaser State Classes recover damages, as provided by the Indirect Purchaser States' antitrust laws and the Consumer Fraud States' consumer protection and unfair competition laws, and that a joint and several judgment in favor of Plaintiff and the Classes be entered against the Defendants in an amount to be trebled in accordance with such laws;

D.      That Defendants, their co-conspirators, successors, transferees, assigns, parents, subsidiaries, affiliates, and the officers, directors, partners, agents and employees thereof, and all other persons acting or claiming to act on behalf of Defendants, or in concert with them, be permanently enjoined and restrained from, in any manner, directly or indirectly, continuing, maintaining or renewing the combinations, conspiracy, agreement, understanding or concert of action, or adopting or following any practice, plan, program or design having a similar purpose or effect in restraining competition;

E.      That Plaintiff and the Classes she represents be awarded restitution, including disgorgement of profits obtained by Defendants as a result of their acts of unfair competition and acts of unjust enrichment;

**25**
**CLASS ACTION COMPLAINT**

F.     That the Court award Plaintiff and the Classes she represents pre-judgment and post-judgment interest as permitted by law;

G.     That Plaintiff and the members of the Classes recover their costs of suit, including reasonable attorneys' fees as provided by law; and

H.     That the Court award Plaintiff and the Classes she represents such other and further relief as may be necessary and appropriate.

## **JURY DEMAND**

Plaintiff demands a trial by jury of all of the claims asserted in this Complaint so triable.

Dated: June 30, 2008                    By:     _____

Reginald Terrell (reggiet2@aol.com)
THE TERRELL LAW GROUP
223 25th Street
Richmond, CA 94804
Tel: (510) 237-9700
Fax: (510) 237-4616

***Attorney for Plaintiff Bobbi Cooper***

**26**
**CLASS ACTION COMPLAINT**